UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALFONSO SPRINGER,

              Plaintiff,

      -against-

SUPREME COURT APPELLATE DIVISION,
2nd DEPARTMENT; DISTRICT ATTORNEY
EUGENE GOLD; DISTRICT ATTORNEY
ELIZABETH HOLTZMAN; PEOPLE OF THE
STATE OF NEW YORK; PEOPLE OF THE
CITY OF NEW YORK,

              Defendants.
------------------------------------------------------------X


ORIGINAL

**MEMORANDUM & ORDER**
05-CV-3128 (FB) ( LB )

*Appearance:*
*For the Plaintiff:*
Alfonso Springer, *Pro Se*
#03-A-1601
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, New York 14411

**BLOCK, District Judge:**

      Plaintiff Alfonso Springer ("Springer"), who is currently incarcerated at Orleans

Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*,

that defendants violated his constitutional rights during two separate criminal proceedings.[1]

Springer has paid the filing fee to commence this action. For the reasons set forth below, this

action is dismissed.

---

     [1] Springer initially filed this action in the United States District Court for the
Western District of New York. By order dated June 15, 2005, the Honorable John T.
Elfvin of the Western District transferred the action to this Court. *See Springer v.
Supreme Court Appellate Division, 2d Dep't, et al.*, No. 05-CV-0398Sc, slip op. at 1
(W.D.N.Y. June 15, 2005).

## BACKGROUND

On October 2, 1972, Springer pleaded guilty in Kings County Supreme Court to possession of a dangerous weapon and was sentenced to an indeterminate prison term not to exceed three years, which was reduced to time served. *See People v. Springer*, 354 N.Y.S.2d 996, 997 (2d Dep't 1974). Thereafter, he appealed, and on April 15, 1974, the Appellate Division affirmed the Supreme Court's judgment. *See id.* Springer's first cause of action alleges that the Appellate Division judges and District Attorney Eugene Gold "elected to substitute their judgment and jurisdiction for that of the jury (The People of the State of New York), and grand jury (The People of the City of New York)." Compl. at 10. According to Springer, defendants violated his rights to Due Process and Equal Protection under the United States Constitution. *Id.* at 13. He alleges that defendants employed a "system, a mechanism and profiling method which they have mastered, used very successfully, time and time again. Defendants are masters in the game and prosecution . . . for . . . which the indictment or grand jury never intended . . . . and increased plaintiff's sentence, enhancing it way, way beyond it[s] stat[ut]ory limits." *Id.* Springer questions whether he was "legally convicted of this felony or any felony under New York State Laws." *Id.* at 20.

Springer's second cause of action challenges his April 4, 1985 conviction and sentence to 4 ½ to 9 years in Kings County Supreme Court for criminal sale of a controlled substances in the third degree. *See People v. Springer*, 545 N.Y.S.2d 766, 767 (2d Dep't 1989); Compl. at 21. He alleges that District Attorney Elizabeth Holtzman and the jurors mistakenly

adjudged him a predicate second felony offender, even though "he was never convicted on any

prior felonies." Compl. at 21. Springer implies that his 1972 felony conviction is invalid and

therefore should never have been used to enhance his sentence in 1985. He asserts that he is

"invok[ing] the integrity of the judicial process," maintaining that defendants have "operate[d]

underhandedly against plaintiff under color of state and federal law holding him responsible

for their mistake." Id. at 24.

Springer seeks $31 million from each defendant.

## DISCUSSION

Under 28 U.S.C. § 1915A, the Court has the authority to review a prisoner's

complaint in order to identify any cognizable claims or dismiss the complaint, or any portion

thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted;

or (2) seeks monetary relief from a defendant who is immune from such relief. See Carr v.

Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). As Springer is proceeding pro se, the Court

is obliged to construe his pleadings liberally, particularly as they allege civil rights violations.

McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127,

132 (2d Cir. 2001)).

### A. Using Section 1983 to Attack A Criminal Conviction

"[W]here 'establishing the basis for the damages claim necessarily demonstrates

the invalidity of the conviction, a [section] 1983 action will not lie unless . . . the conviction or

sentence has already been invalidated.'" Wilkinson v. Dotson, 125 S. Ct. 1242 (2005) (alterations

in original) (quoting *Heck v. Humphrey*, 512 U.S. 477, 481-82, 484 (1994)). Were Springer's 1983 claims successful, his convictions would necessarily be invalidated; thus, because his convictions have not already been invalidated, his claims must be dismissed.

## B. Absolute Immunity

In any event, as explained below, Springer's claims are barred by the doctrine of absolute immunity.

### 1. Judicial Immunity

Springer's claims against the judges of the Appellate Division are barred as they have absolute immunity from suit for acts performed in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages" (citations omitted)); *Butz v. Economou*, 438 U.S. 478, 511 (1978) (judges have absolute immunity "because of the special nature of their responsibilities"); *Imbler v. Pachtman*, 424 U.S. 409, 419 (1976); (judges immune from liability for damages for acts committed within their judicial jurisdiction). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). The Appellate Division judges' alleged wrongful acts were performed in their judicial capacity. Therefore, Springer's claims against these judges are foreclosed by absolute immunity. *See* 28 U.S.C. § 1915A(b)(2).

4

## 2. Prosecutorial Immunity

Prosecutors likewise are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process . . . ." *Imbler*, 424 U.S. at 430; *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State'" (internal citation omitted)). Because Springer's claims against defendants Gold and Holtzman center around their actions during the "judicial phase of the criminal process," Springer's claims are dismissed as Gold and Holtzman are absolutely immune. *See* 28 U.S.C. § 1915A(b)(2).

## 3. Juror Immunity

Springer names the People of the State of New York and the People of the City of New York as defendants. Assuming that Springer is trying to sue the jurors involved in his trial, "it has been uniformly held that jurors are entitled to absolute immunity for damages which result from their jury service." *Intersimone v. Bell*, No. 79 Civ. 4382, 1980 WL 2237, at *4 (S.D.N.Y. July 10, 1980) (citations omitted). Accordingly, his claims against the People of the State of New York and the People of the City of New York are dismissed. 28 U.S.C. § 1915A(b)(2).

## CONCLUSION

Whereas, ordinarily, the Court would allow a plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity here where it is clear from the face of the complaint that it would be futile. Accordingly, Springer's Complaint is dismissed. *See* 28 U.S.C. § 1915A(b)(2).

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated:     August 11, 2005
           Brooklyn, New York

6