UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALFONSO SPRINGER-KNIGHT

                Plaintiff,

                -against-

SUPREME COURT APPELLATE DIVISION,
2nd DEPARTMENT; DISTRICT ATTORNEY
EUGENE GOLD; DISTRICT ATTORNEY
ELIZABETH HOLTZMAN; PEOPLE OF THE
STATE OF NEW YORK; PEOPLE OF THE
CITY OF NEW YORK,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

05-CV-3128 (FB)

*Appearance:*
*For the Plaintiff:*
Alfonso Springer (a.k.a. Alfonso Springer-Knight), *Pro Se*
#03-A-1601
Five Points Correctional Facility
P.O. Box 119
Romulus, New York 14541

**BLOCK, District Judge:**

On June 21, 2005, *pro se* plaintiff Alfonso Springer-Knight filed the instant complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights during criminal proceedings against him that resulted in a conviction. In a Memorandum and Order dated August 11, 2005 (the "August Order"), the Court dismissed plaintiff's complaint, *see Springer v. Supreme Court Appellate Div.*, 05-CV-3128 (FB) (E.D.N.Y. Aug. 11, 2005); judgment was entered on August 16, 2005. Plaintiff now files the instant motion dated December 30, 2005, seeking to amend the complaint pursuant to Fed. R. Civ. P. 15(a) and 52(d) and for summary judgment pursuant to Fed. R. Civ. P. 56.[1]

submission, his claims are still barred for the reasons articulated in the August Order. Accordingly, there is no basis for reconsideration of the August Order.

## CONCLUSION

Springer's motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Additionally, because plaintiff has again filed a frivolous motion notwithstanding the Court's warning contained in its Memorandum and Order issued December 19, 2006,[3] plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this Order why the Court should not bar the acceptance of any future *in forma pauperis* complaint plaintiff may submit for filing without first obtaining leave of the Court. *See* 28 U.S.C. § 1651.

**SO ORDERED.**

```
FREDERIC BLOCK
United States District Judge
```

Dated: February 15, 2006
Brooklyn, New York

---

[3] Since April 22, 2004, in addition to the instant action, Springer has filed two habeas petitions and one other section 1983 action relating to this conviction. *See Springer v. Giambruno*, 05-CV-1835 (E.D.N.Y. Nov. 1, 2004) (dismissing *habeas* petition as unexhausted); *Springer v. Powers*, 04-CV-1739 (E.D.N.Y. Dec. 16, 2005) (denying *habeas* petition on the merits); *Springer v. Hynes*, 05-CV-2859, at 2-4 (E.D.N.Y. June 24, 2005) (denying section 1983 action as barred by absolute immunity).